UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

**UNITED STATES OF AMERICA,**

      v.                                                                                            CR NO. 07-607 (JMF)

**SAMUEL GOMEZ MENDOZA,**
**ROSENDO EMILIO SANCHEZ, and**
**GUILLERMO VELAZQUEZ MARTINEZ,**

      **Defendants.**

---

## DETENTION MEMORANDUM

This matter comes before me upon the application of the United States that the defendants be detained pending trial. After a hearing, the government's motion was granted, and this memorandum is submitted to comply with the statutory obligation that "the judicial officer shall—include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

### FINDINGS OF FACT

1.     On November 27, 2007, at a gas station in Wheaton, Maryland, a confidential informant working for the Metropolitan Police Department's Narcotics and Special Investigation Division met with defendant Samuel Gomez Mendoza ("Mendoza"), also known as "Nicholas Martinez" and "Maestro," and an unidentified individual referred to as "Primo."

2.     The three individuals traveled to a nearby restaurant where the informant expressed an interest in purchasing between three and six kilograms of powder cocaine.

A price of $27,000 per kilogram was agreed upon, and Mendoza gave the informant a one gram "tester" of cocaine.

3. The informant later offered to increase his purchase to eleven kilograms. Mendoza agreed and set a price of $26,500 per kilogram.

4. Law enforcement officials observed Mendoza and Primo depart from this meeting in a black Ford pick-up truck with North Carolina license plates and travel to 3114 Parker Avenue in Silver Spring, Maryland.

5. On November 28, 2007, the informant received a call from Mendoza instructing him to return to the restaurant in Wheaton, Maryland. Law enforcement observed Mendoza and Primo travel from 3114 Parker Avenue to the restaurant in the black Ford pick-up truck.

6. In the parking lot of the restaurant, Mendoza and Primo entered the informant's vehicle and sold the informant 100 grams of powder cocaine for $2,500. Mendoza gave the informant another 103 grams of powder cocaine as a gesture of good-will in regard to the large upcoming purchase.

7. On November 29, 2007, the informant received a call from Mendoza. Mendoza explained that he had traveled to North Carolina and returned with only 2.5 kilograms of powder cocaine, not the 11 kilograms as originally planned. The informant was instructed to meet Mendoza at 6:00 PM that night at 2500 Ennalls Avenue in Wheaton, Maryland.

8. At the scheduled meeting was the informant, Mendoza, Mendoza's juvenile son, and defendants Guillermo Velazquez Martinez ("Martinez") and Rosendo Emilio Sanchez ("Sanchez"). Mendoza entered the informant's vehicle and they began to

drive to Washington, D.C.  Martinez and Mendoza's son followed the lead car in a tan Ford Explorer with North Carolina license plates, and Sanchez followed in a black Ford F150 with North Carolina license plates.

9. The vehicles stopped at 1221 Van Buren Street, Northwest, Washington, D.C., and the informant introduced as a relative an undercover law enforcement agent. That agent displayed to the defendants a bucket containing $100,000, and was in turn told that the 2.5 kilograms of powder cocaine was in a "trap" in one of the vehicles.  After some debate about where the transaction should take place, the defendants reentered their vehicles and began to depart.

10. At that point law enforcement agents stopped the vehicles, detained the defendants, and searched the vehicles.  The black Ford F150, driven by Sanchez, contained a toolbox with a false bottom in the bed of the truck.  Upon removing the false bottom with a screwdriver, law enforcement agents discovered two packages (1089g and 1118g) of powder cocaine wrapped in brown tape and plastic.  Under the passenger seat of the tan Ford Explorer, driven by Martinez, law enforcement agents discovered a 526g bag of powder cocaine wrapped in black tape and plastic.

11. Sanchez gave a post-Miranda confession, explaining that he was told to pick up the black Ford F150 "with two in a trap" from a restaurant in North Carolina, and that he was instructed where to go and how to remove the two bags of cocaine.  Sanchez said he was to be paid $250 per kilogram of cocaine that he transported.

12. All three defendants are illegal aliens with no ties to Washington, D.C.

## REASONS FOR DETENTION

An examination of the factors required to be considered by 18 U.S.C. section 3142(g) compels the conclusion that there is a preponderance of evidence that defendants' release on any condition or combination of conditions will not reasonably assure their appearance as required and their detention is, therefore, appropriate.

## The Statutory Standard

Defendants who are charged with an offense for which a term of imprisonment of 10 years is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801 *et seq.*) are eligible for pretrial detention. 18 U.S.C. § 3142(f)(1)(C). If there is probable cause to believe that the defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed, it is presumed that there is no condition or combination of conditions which will reasonably assure the appearance of the defendant and the safety of the community. 18 U.S.C. § 3142(e). Moreover, defendants who are determined to present a serious risk of flight may be detained pursuant to 18 U.S.C. section 3142(f)(2)(A). If there is no condition or combination of conditions that will reasonably assure the appearance of the defendant as required, detention is appropriate. 18 U.S.C. § 3142(e).

In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer is to consider:

1. The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

2. The weight of the evidence;

3. The history and characteristics of the person, including

      a.      His character, physical and mental condition, family ties, employment, financial resources, length of residence in the community and community ties;

      b.      Past conduct, history relating to drug or alcohol abuse;

      c.      Criminal history;

      d.      Record concerning appearance at court proceedings;

      e.      Whether, at the time of the current offense or arrest, the person was on probation, parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State or local law;

4.      The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142.

An examination of these factors compels the conclusion that there is a preponderance of evidence[1] that release on any condition or combination of conditions will not reasonably assure their appearance as required and their detention is, therefore, appropriate.

**The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.** The offense charged involves large quantities of cocaine with the intent to distribute.

**Defendant's character, physical and mental condition, family ties, employment, financial resources, and length of residence in the community.** Defendants are illegal aliens with no ties to Washington, D.C.

**The weight of the evidence.** The weight of the evidence is extraordinarily strong. The defendants were observed engaging in transactions for large amounts of

---

[1] See United States v. Xulam, 84 F.3d 441, 442 ( D.C. Cir. 1996).

5

cocaine, and the cocaine was discovered hidden in vehicles driven by two of the defendants. Nearly all of the transactions were video or audio recorded by law enforcement agents.

**History relating to drug or alcohol abuse.** No evidence was presented of prior drug or alcohol abuse.

**Record concerning appearance at court proceedings and prior criminal record.** No evidence was presented concerning defendants' appearances at court proceedings or their prior criminal records, aside from their illegal entry into the United States of America.

**Whether on probation or parole at the time of the present offense.** No evidence was presented concerning whether defendants were on probation or parole at the time of the present offense.

In sum, the risk of flight by the defendants is extraordinarily high in light of the severity of the alleged crimes, the weight of the evidence, the defendants' lack of ties to the community, and their illegal entry into this country. Indeed, the legislative history of the Bail Reform Act speaks precisely of defendants such as these and why there is a rebuttable presumption that they be detained:

> [T]he Committee received testimony that flight to avoid prosecution is particularly high among persons charged with major drug offenses. Because of the extremely lucrative nature of drug trafficking, and the fact that the drug traffickers often have established ties outside the United States from whence most dangerous drugs are imported into the country, these persons have both the resources and foreign contacts to escape to other countries with relative ease in order to avoid prosecution for offenses punishable by lengthy prison sentences. Even the prospect of forfeiture of bond in the hundreds of thousands of dollars has proven to be ineffective in assuring the appearance of major drug traffickers. In view of those factors, the Committee has provided in section 3142(e) that in a case in which there is probable cause to believe that the person has committed a

6

grave drug offense, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person and the safety of the community.

S. Rep. No. 98-225, at 20 (1983).

## CONCLUSION

A weighing of all the pertinent facts compels the conclusion that the defendants should be detained pending trial: (1) the defendants were observed engaging in a transaction for large amounts of powder cocaine; (2) large amounts of powder cocaine were discovered in vehicles driven by, or associated with, the defendants; (3) the defendants have no ties to Washington, D.C.; and (4) the defendants illegally entered the United States of America.  I therefore find by clear and convincing evidence that there are no conditions or combination of conditions I could set which would reasonably assure their appearance as required.  I will, therefore, order the defendants detained without bond pending trial.

_____/s/_____
**JOHN M. FACCIOLA**
**UNITED STATES MAGISTRATE JUDGE**
