UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ]<br>]<br>] Criminal No. 07-CR 353 (03) |
| v. | ] Judge Bates |
| SAMUEL MENDOZA ET AL | ]<br>]<br>] |

**DEFENDANT VELAZQUEZ-MARTINEZ' MOTION TO SUPPRESS TANGIBLE EVIDENCE
AND MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF**

Defendant Guillermo Velazquez-Martinez (hereafter Martinez), through undersigned counsel, respectfully moves this Court to suppress as evidence against him any and all evidence obtained as a result of the search of an auto he was driving on or about November 29, 2007.

As grounds for this Motion, defendant states the following:

1.  On November 29, 2007, codefendant Samuel Mendoza met with an informant in Maryland. Mr. Mendoza drove into the District of Columbia with the informant. Mr. Martinez, driving a separate car, also went into the District. Codefendant Rosendo Sanchez drove a third car into the District. After all three cars were at Van Buren Street, N.W., in the District, police claim that an undercover officer met with Mr. Mendoza at the informant's car to make a purchase of cocaine. Police allege that Mr. Mendoza claimed that the cocaine was in a secret compartment in a car, and he couldn't open it. He then got into the back passenger seat of the car Mr. Martinez was driving, and both codefendants started to drive their cars out of the area.

2.  Both cars the defendants were driving were stopped and searched by

1

the police.  In the car Mr. Sanchez had been driving, police found 2 kilograms of cocaine in a compartment in the car.  In the car Mr. Martinez was driving, police found 500 kilograms of cocaine under the back seat, where Mr. Mendoza had been sitting.

3.     Warrantless searches are unreasonable under the Fourth Amendment unless they fall within one of a few, carefully delineated exceptions.  Katz v. United States, 389 U.S. 347, 357 (1967).  In this case there was no warrant.

The test for probable cause is whether or not "the police have enough information to warrant a man of reasonable caution to believe a crime has been committed and that the person arrested has committed it."  Bailey v. United States, 128 U.S. App. D.C., 354, 358, 389 F.2d 305 (1968).  In the instant case, the arresting officer did not have enough information to warrant such a belief as to the defendant when he was removed from the car, and the car was searched.

Likewise, the police had no probable cause to believe that there was contraband in the car Mr. Martinez was driving, and therefore no legal justification to search the car.

Furthermore, the evidence at the hearing will show that at the time of the police stop, the defendant was not acting in a suspicious manner.  At the time the police arrested Mr. Martinez, they lacked adequate justification to seize and search him.  Terry v. Ohio, 393 U.S. 1 (1968).

Any evidence obtained pursuant to the illegal arrest of Mr. Martinez, as well as the illegal search of the car, should be suppressed.  Wong Sun v. United States, 371 U.S. 471 (1963).

WHEREFORE, for these and such other reasons as may be advanced at a hearing on this motion, the defendant respectfully requests that the evidence be suppressed.  A hearing on this motion is respectfully requested.

Respectfully submitted,

_____

Joanne D. Slaight, #332866
717 5th St, N.W.
Washington, DC  20001
Phone (202) 408-2041

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ] | |
| v. ] | Criminal No. 07-CR-353 (03) |
| SAMUEL MENDOZA et al. ] | |

**<u>ORDER</u>**

Upon motion of defendant Guillermo Velazquez-Martinez to suppress evidence, and for good cause shown, it is, this _____ day of _____, 2008, hereby

ORDERED, that the motion is GRANTED.

_____
JUDGE

Date: