UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA   ] | |
| ] | Criminal No. 07-CR 353 (03) |
| v.   ] | Judge Bates |
| ] | |
| SAMUEL MENDOZA ET AL   ] | |

**DEFENDANT VELAZQUEZ-MARTINEZ' MOTION TO SEVER DEFENDANTS
AND MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF**

Defendant Guillermo Velazquez-Martinez (hereafter Martinez), through undersigned counsel, respectfully moves this Court to sever his trial from his codefendants pursuant to Criminal Rules 8 and 14.

As grounds for this motion defendant states the following:

1. Three codefendants in this case were arrested on November, 29, 2007. They are each charged with possession with intent to distribute cocaine on November 29, 2007.

2. On November 27, 2007, an informant met with two persons in Maryland who allegedly agreed to sell cocaine to the informant, including one named "Maestro," identified by police as codefendant Samuel Mendoza. The following day the two returned, and Maestro allegedly sold cocaine to the informant.

3. On November 29, 2007, Maestro again met with the informant in Maryland. He then rode into the District of Columbia as a passenger in the informant's car. Mr. Martinez, driving a separate car, also drove into the District. Codefendant Sanchez drove a third car into the District. After arriving at Van Buren St, N.W., an undercover officer approached Mr. Mendoza to purchase cocaine.

1

Police allege that Mr. Mendoza claimed the cocaine was in a secret compartment in a car, and he couldn't open it. He went to the back passenger seat of the car Mr. Martinez was driving, and both Mr. Martinez and Mr. Sanchez attempted to drive their cars away from the area.

4. Both cars were stopped and searched by police. In a hidden compartment inside the car Mr. Sanchez was driving, police allegedly found 2 kilograms of cocaine.

Police also searched the car Mr. Martinez was driving, and allegedly found approximately 500 grams of cocaine concealed under the back seat where Mr. Mendoza had been sitting.

5. According to police, Mr. Sanchez later stated that he knew that cocaine was in his car.

6. The evidence against Mr. Martinez alone is dramatically less than that against the codefendants. Where the evidence against a defendant is substantially less than that against his codefendant, severance is required. See United States v. Mardian, 178 U.S. App. D.C. 207, 546 F.2d 973 (1976)(disproportionate weight of evidence against codefendant a factor in mandating severance); United States v. Sampol, 204 U.S. App. D.C. 349 (1980)(per curiam)(disparity in weight of evidence a factor requiring severance of defendant's case from that of codefendant); United States v. Gambrill, 146 U.S. App. D.C. 72, 83 (1971)(disparate quantity of evidence against each of two codefendants may require severance).

In this case, Mr. Mendoza negotiated the proposed sale, and Mr. Sanchez admitted knowledge of the cocaine in his car. In contrast, Mr. Martinez had no participation in the negotiations, no admission of knowledge of the cocaine, and the little cocaine found in his vehicle was in the location where Mr.

2

Martinez had been sitting. Here, the minimal lack of evidence against Mr. Martinez in relation to the codefendants requires severance of his case from the codefendants.

7.      The defenses may also be mutually inconsistent, requiring severance. Where there is a substantial contradiction between codefendants' defenses, and that contradiction alone creates a danger that the jury will draw an improper conclusion that the conflict alone that both defendants are guilty, severance must be granted.  See Rhone v. United States, 125 U.S. App. D.C. 47, 48, 365 F.2d 980, 981 (1966).

WHEREFORE, for these and such other reasons as may be advanced at a hearing on this motion, the defendant respectfully requests that this motion be granted.

> Respectfully submitted,
>
> _____
>
> Joanne D. Slaight, #332866
> 717 5th Street, N.W.
> Washington, DC  20001
> Phone (202) 408-2041

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SAMUEL MENDOZA et al. | ]<br>]<br>]   Criminal No.  07-CR-353 (03)<br>]<br>]<br>] |

### ORDER

Upon motion of defendant Guillermo Velazquez-Martinez to sever his trial from codefendants Samuel Gomez Mendoza and Rosendo Emilio Sanchez, and for good cause shown, it is, this _____ day of _____, 2008, hereby

ORDERED, that the motion is GRANTED.

_____
JUDGE

Date: